FREDERICK TURNER, JR., ISB No. 2868202
PO Box 512
207 East Main
Golconda, Illinois 62938
Ph.  618-683-8381
Fax 618-683-2828
turnerlawoffice1@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SETH TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civ. Case No.: 3:16-cv-635 _ |
| | ) | |
| | ) | |
| UNITED STATES FOREST SERVICE, an | ) | |
| administrative agency of the United States | ) | |
| Department of Agriculture, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**(Violation of Freedom of Information Act)**

**INTRODUCTION**

1  This is a civil action for declaratory and injunctive relief arising under the Freedom of

Information Act ("FOIA"), 5 U.S.C. §§ 552 *et seq*. It challenges the unlawful failure of the

abovenamed Federal Defendant, UNITED STATES FOREST SERVICE ("Forest Service"), to

respond to a FOIA request submitted by Plaintiff Seth Turner within 20 working days, as required pursuant to 5 U.S.C. § 552(a)(6)(A)(i).

2       Prompt access to the requested information is crucial to Plaintiff's objective of safeguarding bat species and the habitat in which they live. Here, this includes the Indiana and northern long-eared bat, species that are respectively listed as endangered and threatened under the federal Endangered Species Act ("ESA", *see* implementing regulation 50 C.F.R. § 17.11), unlisted bats species, and Griffith Cave and other winter bat hibernation sites that may be selected for gating in the future.

3       The Forest Service has unlawfully withheld public disclosure of information sought by Plaintiff. Plaintiff is entitled to receive the requested information. No valid disclosure exemption applies that would prohibit complete disclosure of the requested documents. The Forest Service failed to comply with the statutory mandates and deadlines imposed by FOIA. Accordingly, Plaintiff seeks declaratory relief establishing the Forest Service has violated FOIA. Plaintiff also seeks injunctive relief directing the Forest Service to promptly provide Plaintiff with the requested information

4       If Plaintiff prevails, Plaintiff will seek an award of attorneys' fees, costs, and other expenses pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## JURISDICTION AND VENUE

5       Jurisdiction is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises pursuant to FOIA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF                                      2

6       This action reflects an actual, present, and justiciable controversy between Plaintiff and Defendant. Plaintiff's interests will be adversely affected and irreparably injured if Defendant continues to violate FOIA as alleged herein.

7       The requested relief is authorized by 28 U.S.C. §§ 2201, 2202, and 5 U.S.C. § 552(a)(4)(B).

8       The requested relief would redress the actual, concrete injuries to Plaintiff caused by the Defendant's failure to comply with duties mandated by FOIA and its associated regulations.

9       The challenged agency action is final and subject to judicial review pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

10      Plaintiff submitted a FOIA request to Defendant on December 2, 2015 ("2015 Request"). Defendant has not responded to Plaintiff's 2015 Request with any responsive documents. Plaintiff has therefore exhausted all required remedies.

11      Venue properly vests in this Court pursuant to 5 U.S.C § 552(a)(4)(B), which provides venue for FOIA cases in the district in which the plaintiff resides or in the district in which the agency records are situated. The requested documents are primarily located within this judicial district. Plaintiff resides within this judicial district.

12      Declaratory relief is appropriate pursuant to 28 U.S.C. § 2201.

13      Injunctive relief is appropriate pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).


**PARTIES**

14      Plaintiff, Seth Turner, has a conservation and recreational interest in the protection of caves and associated fauna in Southern Illinois where he resides. He has a natural resource

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF                                    3

degree in recreation and land management and has served on the board of directors of two not-for-profits with a focus on cave conservation. Plaintiff is injured and adversely affected by the Forest Service's failure to make a determination on his 2015 Request. Plaintiff is injured and adversely affected by the Forest Service's failure to release the requested documents.

15      The relief sought by Plaintiff would redress the injuries suffered by him, as well as provide valuable and necessary information that will allow him to engage with the Forest Service and other state and federal conservation agencies on a fully-informed basis. The requested relief would require the Forest Service to make a determination on and respond to Plaintiff's 2015 Request. The requested relief would require the Forest Service to promptly release the requested documents and information.

16      Defendant UNITED STATES FOREST SERVICE is an agency of the United States and is a division of the United States Department of Agriculture ("USDA"). The Forest Service is responsible for promptly responding to all FOIA requests, including the underlying request at issue here. In this capacity, the Forest Service is responsible for implementing and complying with federal law, including the federal laws implicated by this action. The Forest Service has failed to respond to the FOIA request at issue here.

## STATEMENT OF FACTS

17      On December 2, 2015, Plaintiff submitted the 2015 Request to the Forest Service, pursuant to 5 U.S.C. §§ 552 *et seq*., requesting documents "pertaining to the gating of Griffith Cave, as well as any alternatives that may have been suggested." The 2015 Request was submitted to Defendants electronically through the USDA's FOIA public access website. *See*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF                                    4

request form to the United States Forest Service from Plaintiff, attached hereto as Exhibit 1 and incorporated herein by reference.

18      On the same day that the 2015 Request was submitted, Plaintiff received two automated replies via email from the public access website. The first reply notes that the FOIA request was received and provides a tracking number, 2016-FS-WO-01025-F. The second email reiterates the same information without providing any new details.

19      The Forest Service failed to respond to Plaintiff's 2015 Request in any way, beyond the two automated acknowledgments of receipt, before the passing of the 20 workday response deadline. The Forest Service failed to request an extension of time to respond to Plaintiff's 2015 Request or  provide the requested documents to Plaintiff within the allotted 20 workdays.

20      Plaintiff did not contact the Forest Service or the Office of Government Information Services ("OGIS"), which offers mediation services to resolve disputes between FOIA requesters and federal agencies as a non-exclusive alternative to litigation, to discuss the 2015 Request because a significant portion of the documents that Plaintiff expects to be responsive to the 2015 Request are likely to have been responsive to a 2013 FOIA request ("2013 Request") that he submitted to the Forest Service for records pertaining to, *inter alia*, cave gates. Plaintiff contacted OGIS to seek mediation services for the 2013 Request.

21      Plaintiff contacted OGIS in 2014 because he suspected that records responsive to the 2013 Request had been destroyed, altered, and/or knowingly withheld without citation by officials with the Forest Service to conceal wrongdoing. The 2013 Request was submitted in person to Shawnee National Forest staff at the Harrisburg, Illinois headquarters on November 25, 2013. The Shawnee National Forest is a regional management unit within the Forest Service.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF                                           5

22     Approximately 5 months after delivering the 2013 Request, the Shawnee National Forest forwarded the request to the Eastern Region headquarters in Milwaukee, Wisconsin. The Eastern Region is a management unit within the Forest Service that is responsible for a geographic area covering 20 states that includes 1 grassland and 16 National Forests. The Shawnee National Forest is 1 of the 16 National Forests that comprises the Eastern Region.

23     The 2013 Request was received by Eastern Region officials on April 18, 2014. About a month later on May 14, 2014, the Eastern Region issued a final decision releasing 45 pages of responsive documents. The final decision letter did not list any responsive documents as being withheld. The national cave and karst coordinator for the Forest Service was copied in the final response letter. *See* letter dated May 14, 2014 to Plaintiff from Ms. Kathleen Atkinson, Eastern Regional Forester, attached hereto as Exhibit 2 and incorporated herein by reference.

24     Responsive documents that Plaintiff knew to exist were missing from the records that were returned by the Forest Service. At least one document that was returned was missing data, which suggests to Plaintiff the possibility that the original electronic file had been altered. A spreadsheet used for tracking bat population trends by the Shawnee National Forest was missing bat survey results that were cited in other documents for select caves and dates.

25     Mediation facilitated by OGIS failed to resolve the majority of Plaintiff's concerns regarding the 2013 Request. The 2015 Request was submitted after Plaintiff realized that an easement or agreement for the gating of Griffith Cave in southeastern Illinois had been signed on November 24, 2013 or one day before the 2013 Request was delivered to the Shawnee National Forest. The easement provides certain rights to the Forest Service. A copy of the gating agreement was included with the 2015 Request. *See* gating agreement, attached hereto as Exhibit

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF                                    6

3 and incorporated herein by reference.

26      The gating of Griffith Cave is part of a $3,500,000 mitigation and monitoring plan

associated with an incidental take permit that was issued to Pioneer Trail Wind Farm, LLC

("Pioneer LLC") to allow for the take or harm of endangered and threatened bat species that are

protected by the ESA. Pioneer LLC's incidental take permit allows the company's turbines to

legally take or kill protected Indiana and northern long-eared bats within Ford and Iroquois

Counties in east central Illinois. Spinning turbine blades, such as those used by Pioneer LLC for

the generation of power, cause collision related bat mortalities.

27      Incidental take permits are issued under the ESA and evaluated pursuant to both the ESA,

16 U.S.C. §§ 1531 *et seq*, and the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§

4321 *et seq*. These two acts create procedural obligations and limit the actions of federal officials

involved in the permit process. Before an incidental take permit submitted by an applicant is

approved, the federal government must provide an opportunity for public comment. Taking

action before public comments that unduly favors or necessitates a certain outcome or alternative

is prohibited under the ESA, 16 U.S.C. § 1536(d), and NEPA's implementing regulations, 40

C.F.R. § 1506.1(a),(b). If a decision has already been made through agency actions that either

tacitly or expressly approve some portion of an incidental take permit, then the public

commenting period becomes a meaningless gesture.

28      The public commenting period for the Pioneer LLC application started on August 6,

2014, eight months after the cave gating agreement was signed. Over half a year before public

analysis, an easement providing for the gating of Griffith Cave was procured from a private

landowner at an expense of $10,000 by Pioneer LLC. Documents released to the public for

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF                                    7

review do not mention the easement or payment. Financial information associated with mitigation is required to be released to the public as a part of an incidental take permit application, 16 U.S.C. § 1539(a)(2).

29      The Forest Service, working with the Illinois Department of Natural Resources ("IDNR") and the United State Fish and Wildlife Service ("Wildlife Service"), engaged in activities that tacitly approved the type and level of mitigation associated with the application. Forest Service documents indicate that the gating of Griffith Cave was approved by the federal government as early as March 2012.

30      Records, principally obtained through FOIA by Plaintiff from the Wildlife Service, a federal agency that is independent of the USDA and the Forest Service, show that the Forest Service acted on behalf of Pioneer LLC by contacting and working with private landowners for the purposes of selecting mitigation alternatives in contravention of ESA and NEPA restrictions. Permit applicants are supposed to select mitigation alternatives. Discussions between federal officials and applicants concerning mitigation are supposed to be of the most general nature.

31      A Wildlife Service document that indicates the full extent of the Forest Service's involvement in choosing and facilitating mitigation alternatives on Pioneer LLC's behalf was redacted before release to Plaintiff through FOIA. All information mentioning the Forest Service, mitigation, and the $10,000 expense associated with the Griffith Cave easement was removed by the Wildlife Service using a FOIA exemption, 5 U.S.C. § 552(b)(4), that is intended to protect trade secrets. *See* letter dated December 12, 2015 to Plaintiff from Ms. Connie Rose, Wildlife Service Region 3 FOIA Coordinator, and associated redacted document, attached hereto respectively as Exhibits 4 and 5 and incorporated herein by reference.

32      The Wildlife Service accidentally sent Plaintiff two copies of the same document, one

redacted copy and one copy that had not been censored. The information that was redacted, while

missing from documents provided to the public for comment, was available from an Illinois

county courthouse and other sources except for details concerning the Forest Service's

involvement. The $10,000 that was spent to obtain the easement should have been included in

the permit application along with other financial information that was released to the public

pursuant to 16 U.S.C. § 1539(a)(2). *See* the uncensored document attached as Exhibit 6 and

incorporated herein by reference.

33      Approximately $200,000 of the expenses associated with the permit application are

devoted to research that is to be planned by state and federal officials. The specific details of this

research are not included in environmental documents released to the public for review.

34      Environmental documents associated with Pioneer LLC's permit application contain

contradictory information.  A different office within the same environmental consulting firm that

wrote the permit application for Pioneer LLC was outsourced by Pioneer LLC and the federal

government to assist in reviewing the application for NEPA compliance before the application

had even been completed or submitted to the federal government for review.

35      Pioneer LLC's permit application inflates take limits for endangered Indiana bats and

threatened northern long-eared bats by as much as 40 times expected values according to IDNR

which asserted that Pioneer LLC's take limit was grossly exaggerated for the approved activity

and not in accordance with guidance provided to the wind industry by the Wildlife Service.

Incidental take permits allow a holder to take or harm a protected species that is listed as

endangered or threatened up to a certain threshold that is based on the type of activity involved,

minimization efforts, and proposed mitigation alternatives.

36     IDNR wrote a 35 page letter to the Wildlife Service and Pioneer LLC that details several issues with Pioneer LLC's application, including information that suggests the type and level of mitigation had already been approved in contravention of the law.

37     The inflated take limits for threatened and endangered bat species have the potential to result in the additional death of tens of thousands of unlisted bat species. Take regulations that provide protection to endangered and threatened species provide complementary benefits to unlisted species that might share habitat or have similar behavioral patterns. For the purposes of NEPA, all significant impacts have to be considered, even impacts to unlisted bat species.

38     IDNR, in writing to the Wildlife Service and Pioneer LLC, notes that there is no known correlation between Illinois cave gates and bat population increases. The Forest Service, specifically Shawnee National Forest officials, have misrepresented bat declines following gating as population gains.

39     Griffith Cave is being gated purportedly to protect an Indiana bat winter colony as mitigation for Pioneer LLC's approved incidental take permit.  Permit documents indicate that the gating of Griffith Cave will be considered a success even if the bat population drops to zero following gating. The permit does not require any long-term monitoring of the cave's bat population and allows Pioneer LLC to select other caves and mines for gating as may be necessary.

40     Plaintiff is asking this Court to direct the Forest Service to comply with the 2015 Request. To date, the Forest Service has not notified Plaintiff in writing of its determination on whether to comply with Plaintiff's 2015 Request. To date, the Forest Service has not responded to Plaintiff's

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF                              10

2015 Request. To date, the Forest Service has not provided any documents or information responsive to Plaintiff's 2015 Request. To date, the Forest Service has not provided written notice to Plaintiff that it is seeking a 10 workday extension to make a determination on Plaintiff's 2015 Request pursuant to 5 U.S.C. § 552(a)(6)(B)(i). To date, the Forest Service has not provided written notice to Plaintiff of the approximate date upon which the agency will provide the requested records. To date, the Forest Service has not provided written notice to Plaintiff of the date by which it expects to dispatch a determination on Plaintiff's 2015 Request.

41     The information sought by Plaintiff is time sensitive in nature owing to ongoing actions related to Pioneer LLC's incidental take permit.

42     Plaintiff has exhausted all administrative remedies required by FOIA.


**CLAIM FOR RELIEF**
**Violation of FOIA**
**(Constructive Denial / Failure to Make a Determination)**

43     Plaintiff incorporates by reference all preceding paragraphs.

44     FOIA requires that an agency of the federal government, "upon any request … shall make the records promptly available." 5 U.S.C. § 552(a)(3)(A). Each agency, upon any request for records, "shall determine within 20 [working days] after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor", 5 U.S.C. § 552(a)(6)(A)(i).

45     USDA regulations require that if the Forest Service is delayed in making a determination on a requester's FOIA request, it notify the requester of the reasons for the delay and the date by which it expects to dispatch a determination, 7 C.F.R. § 1.17. USDA regulations require that if

the Forest Service determines to grant the request, it shall inform the requester of any conditions surrounding the granting of the request and the approximate date upon which the agency will provide the requested records, 7 C.F.R. § 1.7.

46      The requester is "deemed to have exhausted his administrative remedies with respect to such a request if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i). Requesters may seek immediate judicial review if the agency fails to make an initial substantive determination on a request within 20 working days.

47      The Forest Service has failed to respond to Plaintiff's 2015 Request within the statutorily prescribed 20 workday time period, 5 U.S.C. § 552(a)(6)(A)(i). The Forest Service has failed to notify Plaintiff of the date by which the Forest Service expects to dispatch a determination on Plaintiff's 2015 Request, 7 C.F.R. § 1.17. The Forest Service has failed to notify Plaintiff of the approximate date upon which the agency will provide the requested records to Plaintiff, 7 C.F.R. § 1.7.

48      Plaintiff has a statutory right to have the Forest Service process his 2015 Request in a manner that complies with FOIA.

49      FOIA establishes that an agency's failure to comply with the Act's deadlines shall constitute a constructive denial of the request and that the requester's administrative remedies shall be deemed exhausted, 5 U.S.C. § 552(a)(6)(C)(i).

50      The Forest Service has violated Plaintiff's rights pursuant to FOIA by unlawfully failing to respond to Plaintiff's 2015 Request or by providing documents and information responsive to Plaintiff's 2015 Request and in so doing has constructively denied said request.

51      Plaintiff's conservation and recreational interests and activities relating to caves will be

adversely affected if the Forest Service is allowed to continue to violate FOIA's disclosure provisions, as it has in this case.

52      Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, the Forest Service will continue to violate Plaintiff's rights to receive public records pursuant to FOIA.

53      Plaintiff has fully exhausted all administrative remedies required by FOIA, 5 U.S.C. §§ 552(a)(6)(A), (a)(6)(C).

54      Plaintiff is entitled to reasonable costs of litigation, including attorney's fees, costs, and other expenses pursuant to FOIA, 5 U.S.C. § 552(a)(4)(E).


**PLAINTIFF'S PRAYER FOR RELIEF**

55      Plaintiff respectfully requests that this Court:

1. Declare Defendant's constructive denial of Plaintiff's 2015 Request to be unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

2. Declare Defendant's failure to produce the documents requested by Plaintiff to be unlawful under FOIA, 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(C)(i);

3. Issue an injunction requiring the Defendant to make a determination on whether to comply with Plaintiff's 2015 Request and provide Plaintiff with all responsive records sought through his 2015 Request, 5 U.S.C. § 552(a)(4)(B);

4. Retain jurisdiction over this action to ensure the timely processing of Plaintiff's FOIA request and that no responsive agency records are wrongfully withheld;

5. Award Plaintiff costs, expenses, and reasonable attorneys' fees pursuant to 5 U.S.C. §

552(a)(4)(E), and 28 U.S.C. § 2412; and

      6. Grant such other and further relief as the Court may deem just and proper. Respectfully

submitted and dated this **13th day of June, 2016.**


                         <u>/s/ Frederick Turner, Jr.</u>
                         FREDERICK TURNER, JR., ISB No. 2868202
                         Attorney for Plaintiff
                         PO Box 512
                         207 East Main
                         Golconda, Illinois 62938
                         turnerlawoffice1@gmail.com