IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SETH F. TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-635-NJR-DGW |
| ) | |
| UNITED STATES FOREST SERVICE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court for case management purposes. On August 24, 2017, the Court held a scheduling/discovery conference in this matter with Attorney Frederick Turner, counsel for Plaintiff, and Attorney Suzanne Garrison, counsel for Defendant, in attendance. At the conference Plaintiff, through counsel, set forth an oral motion for discovery. Said motion was denied.

Federal Rule of Civil Procedure 26(b) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …." However, Local Rule 26.1 exempts cases brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, from initial disclosures. Said exemption is necessary as each FOIA case generally follows the same procedure — the defendant files a motion for summary judgment and only thereafter is discovery permissible[1].

---

[1] The Tenth Circuit Court of Appeals has stated that "[a]ffidavits submitted by an agency [in support of a motion for summary judgment] are accorded a presumption of good faith; accordingly, discovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face. When this is the case, the district court may forgo discovery and award summary judgment

The Court hereby implements the same procedure in this case. Discovery will occur, if at all, only *after* Defendant files its motion for summary judgment as Plaintiff may seek discovery through Federal Rule of Civil Procedure 56(d). In other words, following Defendant's filing of a motion for summary judgment, Plaintiff may petition the Court to conduct whatever discovery he believes is necessary, so long as he has a good faith basis for doing so.

Defendant is accordingly **ORDERED** to file its motion for summary judgment by **October 20, 2017.**

**IT IS SO ORDERED.**

**DATED: September 19, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**

---

on the basis of affidavits. In order to justify discovery once the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate. *Liverman v. Office of Inspector General*, 139 F.App'x 942, 945 (10th Cir. 2005) (quotation marks and citations omitted).